UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

RAGHIDA HANNA,

    Plaintiff,

v.

HOMEGOODS, INC., a Delaware
Corporation, and THE TJX COMPANIES, INC.,
d/b/a T.J. MAXX HOMEGOODS,
a Delaware Corporation,

    Defendants.

Case No. 2:22-cv-11089
Hon. Laurie J. Michelson
Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Clifford D. Neubauer (P70910)<br>ERSKINE LAW<br>Attorney for Plaintiff<br>612 W. University, Suite 200<br>Rochester, MI 48307<br>248.601.4499<br>cneubauer@erskinelaw.com | John J. Gillooly (P41948)<br>Kathleen M. Jozwiak (P79921)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI  48207<br>313.446.5501<br>jgillooly@garanlucow.com<br>kjozwiak@garanlucow.com |

**RULE 26(f) JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN**

NOW COME the parties hereto, by and through their respective attorneys, and for their Joint Case Management Report/Discovery Plan pursuant to this Court's Order to Attend Scheduling Conference and Notice of Requirements for Submission of Discovery Plan and Rule 26(f) of the Federal Rules of Civil Procedure, submit the following:

1.     **Related Cases:**  There are no related pending or previously adjudicated cases.

2.     **Jurisdiction:**  The Court has jurisdiction over this action under 28 U.S.C. § 1332 because this is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

3.     **Venue:** Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

4.     **Factual Summary:**

The is a premises liability/negligence action wherein Plaintiff claims that while shopping at a HomeGoods located at 42615 Ford Rd., Canton, MI 48187, she was struck by a tray which fell off of a shelf. Plaintiff claims that "[a]s a result of the various acts of Defendants' agents and/or employees negligence and gross negligence and their failure to maintain their products for sale, Plaintiff suffered significant and horrific injuries, including, but not limited to, conscious pain and suffering." Plaintiff suffered multiple injuries which include but are not limited to her neck and left shoulder.

Defendants deny that they breached the appropriate standard of legal care and state that they were guided by and strictly observed all of their legal duties imposed by operation of law and otherwise.

Defendants further assert that Plaintiff's action sounds exclusively in premises liability rather than ordinary negligence since she is claiming that her injuries arose from an allegedly dangerous condition on the land.

Plaintiff's premises liability claims also fails since (a) the condition was open and obvious and (2) Defendants had no notice of the allegedly dangerous condition.

Lastly, Defendants assert that any injuries suffered by Plaintiff were directly caused by Plaintiff's own negligence.

5. **Legal Issues:** The parties agree that the legal issues identified in Section (4) above are in dispute. Defendants anticipate filing a motion for summary judgment on the bases identified in Section (4) upon or near the close of discovery.

6. **Amendment of Pleadings:** Neither of the parties anticipate amending their pleadings at this time, but respectively reserve their right to do so if necessary.

7. **Discovery:**

(a) <u>Plaintiff</u>: Plaintiff plans on deposing Defendants' representatives as well as individuals working at the time of the incident (manager, store clerks etc). Plaintiff also plans on obtaining any and all of Defendants' incident reports, surveillance footage

employee handbooks, lease agreement(s), insurance information, operating manuals, and policy manuals or other records which may come to light during discovery.

<u>Defendants</u>: Defendants plan on deposing Plaintiff and her daughter. Defendants also plan on obtaining Plaintiff's medical, tax, and employment records. Defendants may retain medical experts and/or an economic expert depending on what is revealed during the course of discovery.

(b) The parties agree to only seek discovery that is relevant to the claims and defenses and proportional to the needs of the case.

(c) <u>Plaintiff's Key Witnesses</u>: Raghida Hanna and treating physicians from the University of Michigan Dr. Fan and Dr. Quade.

<u>Defendants' Key Witnesses</u>: Deborah Heatherly

<u>Plaintiff's Key Documents</u>: Plaintiff's medical records

<u>Defendants' Key Documents</u>: Photographs of tray holders, video surveillance footage from the date of the incident.

(d) No document requests have been served thus far.

(e) The parties are not in need of a protective order at this time.

4

8. **Electronic Discovery:**

(a) The parties agree to take reasonable and proportionate steps to preserve relevant and discoverable ESI within its possession, custody, or control.

(b) The parties are agreeable to flexibility on the format in which documents are produced, so long as any searchable text in maintained in a searchable format and native copies of the documents may be inspected upon the request of either of the parties.

(c) The parties agree to narrow the search for discoverable information to a defined set of custodians and common ESI in accordance with this Court's Model Order Sec. 2.04(f).

(d) The parties agree to follow this Court's Model Order Sec. 2.05 in identifying responsive materials.

9. **Settlement:**  There is no interest in Case Evaluation or other methods of alternative dispute resolution at this time. However, the parties would prefer to mediate this matter in lieu of Case Evaluation should the need arise.

10. **Consent:** The parties respectfully do not consent to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

11. **Trial:** Jury trial. The estimated length of trial is 2-3 days. The parties can be ready for trial within 3-4 months following a decision on any dispositive motions filed with the Court.

12. **Miscellaneous:** N/A.

Respectfully submitted by:

| | |
|---|---|
| /s/ Clifford D. Neubauer | /s/ Kathleen M. Jozwiak |
| Clifford D. Neubauer (P70910) | Kathleen M. Jozwiak (P79921) |
| ERSKINE LAW | GARAN LUCOW MILLER, P.C. |
| Attorney for Plaintiff | Attorney for Defendants |
| 612 W. University, Suite 200 | 1155 Brewery Park Blvd., Ste 200 |
| Rochester, MI 48307 | Detroit, MI 48207 |
| cneubauer@erskinelaw.com | kjozwiak@garanlucow.com |

Dated: June 3, 2022

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, my assistant, Gail J. Musialowski, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- **John J. Gillooly**
  jgillooly@garanlucow.com, dshealy@garanlucow.com

- **Kathleen M. Griffith**
  kgriffith@garanlucow.com, gmusialowski@garanlucow.com

- **Clifford D. Neubauer**
  neubauer@erskinelaw.com

and I hereby certify that on June 3, 2022, my assistant, Gail J. Musialowski, mailed by United States Postal Service the paper to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:   **N/A**

    Respectfully submitted:

    GARAN LUCOW MILLER, P.C.

    /s/Kathleen M. Griffith
    KATHLEEN M. GRIFFITH (P79921)
    Attorney for Defendants
    1155 Brewery Park Blvd., Suite 200
    Detroit, MI  48207
    kgriffith@garanlucow.com